IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY,** | § § § | |
| *PLAINTIFF*, | § § | |
| v. | § § | **CASE NO. 5:17-cv-97** |
| **PROPERTY OWNERS AND PURCHASING GROUP, AND BELAIR DRIVE, LLC,** | § § § § § | |
| *DEFENDANTS*. | § § § § | **JURY TRIAL DEMANDED** |

**EVANSTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Evanston Insurance Company ("Evanston") petitions this Court for a declaratory judgment against Property Owners and Purchasing Group ("POPG") and Belair Drive, LLC ("Belair Drive"). Evanston requests that this Court rule that it owes no duty to defend or indemnify Belair Drive in an underlying personal injury lawsuit. Evanston respectfully shows as follows:

**I.
PARTIES**

1.      Evanston is an Illinois corporation with its principal place of business in Evanston, Illinois.

2.      Upon information and belief, POPG is a Texas corporation with its principal place of business in Austin, Texas. POPG may be served through its registered agent, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

1

3. Upon information and belief, Belair Drive is a Delaware limited liability company doing business in Texas with its principal place of business in Dallas, Texas. Belair Drive may be served through its counsel of record in the Underlying Lawsuit, Sylvan S. Lang, Jr., of the Lang Law Firm, PC, 10500 Heritage Blvd., Suite 130, San Antonio, Texas 78216, or through its registered agent, CT Corporation System, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

## II.
## JURISDICTION & VENUE

4. This Court has jurisdiction over the action under 28 U.S.C. §§ 2201 and 2202 insofar as Evanston seeks a declaration of its rights and obligations under the insurance policy at issue. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.

## III.
## THE UNDERLYING SUIT

6. This insurance coverage action arises from an underlying personal injury lawsuit styled *Earl Johnson v. Belair Drive, LLC, d/b/a Summer Creek Apartments, Summer Creek Apartments, LLC, BH Management Company, Greystar Management Company*; Cause No. 2014-CI-15534; In the 224th Judicial District Court, Bexar County, Texas (the "Underlying Lawsuit"). Belair Drive, a named insured under the Evanston Policy issued to POPG, has been named as a defendant in the lawsuit. The Second Amended Original Petition (the "Petition") in the Underlying Lawsuit is attached as Exhibit A.

7. In the Underlying Lawsuit, Plaintiff Earl Johnson ("Johnson") brought suit to recover damages for personal injuries he sustained on October 10, 2012 while inside his apartment. Johnson is a tenant of the Summer Creek Apartments owned by Belair Drive.

8. Johnson alleges that on October 10, 2012 he stepped on protruding carpet tacks as he was reaching for a towel in the cabinet adjacent to his bathroom. Johnson was not wearing shoes at the time. Johnson sustained deep and painful cuts to seven of his toes, five on his left foot and two on his right foot.

9. Johnson alleges that he is a Type III Diabetic, which is known as brittle diabetic. Despite caring for his wounds, Johnson alleges that he noticed an ashen skin tone on his leg, and what appeared to be an infection around some of his wounds. Johnson went to the Methodist Hospital emergency room, where the doctors told him that gangrene had set into his leg. Johnson agreed to permit the doctors to amputate his left leg below his knee. Johnson further alleges that he suffered from constipation and blockage of his colon. Johnson's bowel ultimately burst, and fecal matter invaded his body, which required surgery for repair and to flush his system of his own body waste. Johnson's care further required that a significant portion of his colon be removed.

10. Johnson has brought the following causes of action against the Defendants: negligence, breach of the lease agreement, breach of express and implied warranties, and violation of the Texas Deceptive Trade Practices Act.

11. As a result of his accident, Johnson alleges that he suffered severe bodily injuries and damages. Johnson is seeking past and future medical expenses; past and future physical pain and suffering; past and future mental anguish; past and future physical impairment and

disfigurement; and past and future loss of earning capacity. Johnson pleads damages over $1 million and believes that his damages will not exceed the sum of $5 million.

12. Evanston is presently providing Belair Drive with a defense in the Underlying Lawsuit pending the outcome of this declaratory judgment action.

## IV.
## THE EVANSTON POLICY

13. Evanston issued Policy No. 3C50344-0 (the "Policy") to POPG with a policy period of November 1, 2011 to November 1, 2012. A copy of the Policy is attached as Exhibit B.

14. The Policy includes a Commercial General Liability Coverage Form [CG 00 01 12 07] with the following insuring agreement in relevant part:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>     **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
>     **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

4

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2636910
03258.235

  **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

15. **SECTION V – DEFINITIONS** of the Policy include the following definitions in relevant part:

  **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

16. The Policy includes a Limitation of Coverage to Designated Premises or Project Endorsement [CG 21 44 07 98], which states as follows in relevant part:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provider under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

Premises: As scheduled and/or on file with the POPG program

Project:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

17. The POPG program includes the Summer Creek Apartments located at 11851 Belair Drive, San Antonio, Texas 78213, Bexar County, Texas (the "Summer Creek Apartments").

18. The Policy includes a "Policy Changes" endorsement known as "Policy Change Number 9," which deletes the Summer Creek Apartments from the Policy. A copy of the endorsement is attached as Exhibit C.

19. The Summer Creek Apartments were deleted from the Policy on August 9, 2012.

## V.
## NO COVERAGE FOR THE UNDERLYING LAWSUIT

20. Belair Drive is a named insured under the Policy because it is a part of the POPG program. Evanston is presently providing Belair Drive with a defense in the Underlying Lawsuit pending the outcome of this declaratory judgment action.

21. Evanston asserts that the Policy does not provide coverage to Belair Drive for the damages alleged in the Underlying Lawsuit. Johnson's accident occurred at the Summer Creek Apartments on October 10, 2012. The Summer Creek Apartments were deleted from the Policy pursuant to the Policy Changes Endorsement on August 9, 2012. Accordingly, Evanston seeks a declaration that it does not owe Belair Drive a continuing defense obligation or an indemnity obligation under the Policy in the Underlying Lawsuit because the Summer Creek Apartments was not a covered location at the time of Johnson's accident.

22. Evanston asserts that the other exclusions, and terms and conditions of its Policy may also exclude coverage for the Underlying Lawsuit. Evanston therefore reserves its right to amend this Complaint for Declaratory Judgment as the allegations in the Underlying Lawsuit may change.

## VI.
## CONDITIONS PRECEDENT

23. All conditions precedent to Evanston's claims for relief has been performed or have occurred.

## VII.
## REQUEST FOR DECLARATORY RELIEF

24. Evanston repeats and incorporates by reference Paragraphs 1 through 32, as through set forth fully herein.

25. An actual controversy of a justiciable nature presently exists between Evanston, POPG, and Belair Drive concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

26. Evanston seeks a declaration it does not have a continuing obligation to defend Belair Drive in the Underlying Lawsuit, or an obligation to indemnify Belair Drive to the extent that the Underlying Lawsuit:

   a. is excluded from coverage under the Policy's Coverage A Bodily Injury and Property Damage Liability;

   b. is excluded from coverage pursuant to the "Policy Changes" Endorsement known as "Policy Change No. 9" because the Summer Creek Apartments location was deleted from the Policy.

## VIII.
## JURY DEMAND

27. Evanston demands a jury trial.

## IX.
## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Evanston Insurance Company prays that the Court issue a declaration that Evanston has no obligation under the Policy to defend or indemnify Belair Drive for any of the claims brought in the Underlying Lawsuit, and award Evanston all other relief to which it may be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Christina A. Culver*
Christina A. Culver
Texas State Bar No. 24078388
One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8282 Telephone
(713) 403-8299 Telecopier
Email: cculver@thompsoncoe.com

***Attorneys for Plaintiff Evanston Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of February, 2017, a copy of the above and foregoing pleading has been served on all known counsel of record and parties by facsimile, electronic mail, and/or by United States mail, properly addressed, postage prepaid.

Counsel for Belair Drive, LLC
*By and through its attorney of record*
Sylvan S. Lang, Jr.
Lang Law Firm, PC
10500 Heritage Blvd., Suite 130
San Antonio, Texas 78216

Property Owners Purchasing Group
*By and through its registered agent*
Registered Agent Solutions, Inc.
1701 Directors Blvd., Suite 300
Austin, Texas 78744

*/s/ Christina A. Culver*
Christina A. Culver